IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MONTREALL BANNER,            )
                             )
         Plaintiff,          )
                             )
     v.                      )      1:24CV384
                             )
C/O ROWDY, et al.,           )
                             )
         Defendant(s).       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names three correctional officers, a warden, and an assistant warden as Defendants. He seeks to hold them liable for injuries he suffered during an assault committed against him by fellow inmates.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, most of the claims in the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted, but the claims against one Defendant should proceed.

As stated above, the Complaint seeks to hold Defendants liable for an assault committed on Plaintiff by his fellow inmates. There is a general duty on the part of prison officials to protect inmates from assaults by other inmates. Farmer v. Brennan, 511 U.S. 825,

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

834 (1994). However, not every assault gives rise to a constitutional violation on the part of prison officials. Instead, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials demonstrated deliberate indifference to the inmate's health and safety. Id.

Here, the Complaint alleges that Defendant Correctional Officer Rowdy was the floor officer for Plaintiff's dormitory on June 2, 2021. (Docket Entry 2 at 12.) Defendant Rowdy allegedly entered the dormitory that day and noticed that more than the permitted number of inmates were out of their cells for recreation at one time. (Id.) He allegedly did not remedy the matter by returning some of the inmates to their cells, but instead threatened to shut down recreation for all inmates unless the inmates themselves put things in order. (Id.) As a result, inmates forced Plaintiff inside a cell and attacked him, leaving him injured to the point that he had to be flown to a hospital. (Id.) Taking these allegations as true, Defendant Rowdy was aware of a dangerous situation, did nothing to alleviate it, and instead made it worse by essentially telling inmates to work the issue out themselves or lose recreation. These facts demonstrate deliberate indifference to a dangerous condition on the part of Defendant Rowdy and, therefore, state a viable claim for relief which should proceed.

The next Defendant named in the Complaint is Correctional Officer Mac Millan who allegedly opened the doors of unauthorized inmates, thereby allowing too many inmates out during recreation. Defendant Millan was also allegedly asleep at his post in the control booth at the time of the attack on Plaintiff. (Id. at 13.) Defendant Millan's actions allegedly

-3-

Case 1:24-cv-00384-WO-LPA    Document 3    Filed 05/16/24    Page 3 of 6

created an inappropriate situation under prison rules, but the Complaint lacks sufficient factual allegations to show that the situation was so obviously dangerous that Defendant Millan's conduct amounted to deliberate indifference to Plaintiff's safety. In fact, the situation did not result in any injury to Plaintiff until Defendant Rowdy allegedly told the inmates involved to settle the matter themselves or lose recreation. As for falling asleep, courts hold that sleeping on duty by a prison guard is negligent conduct that does not rise to the level of a constitutional violation. See Jones v. Nolin, CIVIL ACTION NO. 2:17-CV-342-WKW, 2020 WL 3240674, at *7 (M.D. Ala. May 13, 2020) (unpublished) (collecting cases), report and rec. adopted, 2020 WL 3244007 (M.D. Ala June 15, 2020) (unpublished). Therefore, the Complaint does not state a claim against Defendant Millan.

As to the other three Defendants, the Complaint contains only basic and conclusory allegations. It alleges that Correctional Officer Gomez was not on her post as floor officer at the time of the incident. (Docket Entry 2 at 13.) It is not clear from the Complaint why she was not present, but even assuming that she did not have an adequate reason for her absence, that absence is akin to sleeping or similar negligent behavior. As such it also does not rise to the level of a constitutional violation. The allegations against Warden Katy Poole and Assistant Warden Dean Locklear are even more sparse and conclusory. The Complaint does not allege that they personally played any part in the events that occurred on the day of Plaintiff's injury, either by being present in the dormitory or being aware of the situation there. Instead, it alleges in conclusory fashion that these "facility heads are instigating and

-4-

sponsoring inmate violence through the enforcement of unwritten policies that are aimed at creating conflict amongst offenders." (Id.)  The Complaint does not identify those policies or explain how they contributed to Plaintiff's injuries.  It is entirely conclusory and it appears that it seeks to name Poole and Locklear as Defendants based on their positions as supervisors over the prison where the incident occurred.  As such, it fails because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983.  Iqbal, 556 U.S. at 677.  The claims against Defendants Gomez, Poole, and Locklear should be dismissed along with the claim against Defendant Millan for failure to state a claim upon which relief may be granted.  Only the claim against Defendant Rowdy should proceed.

As for Plaintiff's request to proceed *in forma pauperis*, that request states that the has no funds and has received no funds in the past six months.  Therefore, the request will be granted, no initial partial payment will be ordered under 1915(b)(1), and the Court will order that Petitioner's custodian withdraw payments from his prison trust account as funds become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of June of 2024, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

-5-

IT IS FURTHER ORDERED that the Clerk shall prepare and file a request for a waiver of service for Defendant Rowdy and proceed under the process for service set out in Standing Order 19 of this Court.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted as to Defendants Millan, Gomez, Poole, and Locklear but proceed as to the claim against Defendant Rowdy.

This, the 16th day of May, 2024.

                                          /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                   **United States Magistrate Judge**